IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT F. WOODS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1090 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| MARK HAMMER, *Physicians Assistant*, MS. WOOD, *Registered Nurse & Correctional Health Care Administrator*, CORRECT CARE SOLUTIONS, C.C.S., and SUPERINTENDENT MARK CAPOZZA, | ) ) ) ) ) | Re: ECF No. 34 |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Presently before the Court is a "Motion for No Transfer Because of this Civil Action" filed by Plaintiff. ECF No. 34. Plaintiff seeks an order from this Court preventing a retaliatory transfer from SCI-Pittsburgh. Also before the Court are Responses from Defendants Correct Care Solutions, C.C.S. and Hammer, ECF No. 39, and from Defendants Capozza and Wood, ECF No. 43.

Inmate *pro se* pleadings which seek extraordinary or emergency relief, in the form of preliminary injunctions and/or temporary restraining orders, are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. Four factors govern a district court's decision in such matters:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for

1

injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, review of Plaintiff's Motion leads the Court to conclude that Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary form of relief. As an initial matter, Plaintiff has not yet met his threshold obligation of showing reasonable likelihood on the merits. In addition, Plaintiff has not made a showing of immediate irreparable harm justifying a preliminary injunction. In response to this Motion, counsel for Defendants Wood and Capozza indicates that SCI-Pittsburgh has advised that "there are currently no plans to transfer Plaintiff out of SCI-Pittsburgh." ECF No. 43. Plaintiff has not established the necessity for the federal court to intervene and render an ad hoc individual decision which could adversely affect the Defendants' and the public's interest in penological order. Accordingly, the Motion is denied.

AND NOW, this 16th day of October, 2015, IT IS HEREBY ORDERED that the Motion, ECF No. 19, is DENIED.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Robert F. Woods
FK2339
PO Box 99991
Pittsburgh, PA 15233

All Counsel of Record via CM-ECF