IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT F. WOODS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-1090 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| ) | |
| MARK HAMMER, MS. WOOD, CORRECT ) | |
| CARE SOLUTIONS, C.C.S., ) | Re: ECF No. 78 |
| SUPERINTENDENT MARK CAPOZZA, and ) | |
| CAROL SCIRE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Presently before the Court is a "Motion for An Order on the Plaintiff's Original T.R.O." filed by Plaintiff. ECF No. 78. Also before the Court are Responses from Defendants Capozza, Scire and Wood, ECF No. 80, and from Defendants Correct Care Solutions, C.C.S. and Hammer, ECF No. 81. Plaintiff seeks an Order from this Court requiring Defendants to send Plaintiff to an orthopedic specialist and adhere to that specialist's recommendations and requiring that specialist to give Plaintiff his results orally and in writing. ECF No. 78-1 at 1-2. Plaintiff further seeks an Order from this Court enjoining Defendants Hammer, Wood, C.C.S. and Capozza to cease any retaliatory actions against Plaintiff.

Inmate *pro se* pleadings which seek extraordinary or emergency relief, in the form of preliminary injunctions and/or temporary restraining orders, are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. Four factors govern a

1

district court's decision in such matters:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, review of Plaintiff's Motion leads the Court to conclude that Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary form of relief. As an initial matter, Plaintiff has not yet met his threshold obligation of showing reasonable likelihood on the merits.

In addition, Plaintiff has not made a showing of immediate irreparable harm justifying a preliminary injunction. By Plaintiff's own admission, he saw an orthopedic specialist in November, 2015. ECF No. 69 at 1. Defendants assert that follow ups with a specialist are being scheduled. ECF No. 80 at 2; ECF No. 81 at 1. Further, as evidence of the retaliation he is experiencing, Plaintiff cites only to a July, 2015 incident in which he was required to have his urine tested the day after filing a grievance.

Plaintiff has not established the necessity for the federal court to intervene and render an ad hoc individual decision which could adversely affect the Defendants' and the public's interest in penological order. Accordingly, the Motion is denied.

AND NOW, this 9th day of December, 2015, IT IS HEREBY ORDERED that the Motion,

ECF No. 78, is DENIED.

                              BY THE COURT,

                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Robert F. Woods
        FK2339
        PO Box 99991
        Pittsburgh, PA 15233

        All Counsel of Record via CM-ECF