IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT F. WOODS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1090 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| | ) | |
| MARK HAMMER, STEPHANIE WOOD, | ) | |
| CORRECT CARE SOLUTIONS, C.C.S., | ) | Re: ECF No. 106 and 115 |
| LLC, SUPERINTENDENT MARK | ) | |
| CAPOZZA, and CAROL SCIRE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff, Robert F. Woods, a prisoner incarcerated at the State Correctional Institution in Pittsburgh, Pennsylvania ("SCI Pittsburgh"), has filed a complaint alleging claims pursuant to 42 U.S.C. § 1983. ECF No. 104. In particular, Plaintiff alleges: (1) the denial of medical care in violation of the First, Fifth, Eighth and Fourteenth Amendments (against Defendants Mark Hammer, Correct Care Solutions, C.C.S., LLC, ("CCS"), Stephanie Wood and Superintendent Mark Capozza); (2) the denial of access to the courts in violation of the First, Fifth and Fourteenth Amendments (against Defendants Wood, Capozza and Carol Scire); and (3) retaliation in violation of the First, Fifth and Fourteenth Amendments (against all Defendants). Id.

Defendants Capozza, Wood and Scire ("the DOC Defendants") have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 106.

Defendants Hammer and CCS have also filed a Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 115.

For the following reasons, these Motions to Dismiss are granted in part and denied in part.

I.  PROCEDURAL BACKGROUND

Plaintiff filed the operative complaint ("the Complaint"), his second amended one, on January 20, 2016. ECF No. 104. On January 22, 2016, the DOC Defendants filed their Motion to Dismiss and Brief in support thereof. ECF Nos. 106, 107. Defendants Hammer and CCS filed their Motion to Dismiss and Brief in support thereof on February 10, 2016. ECF Nos. 115, 116. Plaintiff filed a Response to both Motions to Dismiss on February 23, 2016. ECF No. 121. The Motions are now ripe for review.

II.  STANDARD OF REVIEW

A.  Pro Se Litigants

Pro se pleadings such as those drafted by Plaintiff, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–521 (1972). When dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

B.  Motion to Dismiss Pursuant to Rule 12(b)(6)

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on

its face." Id. at 570.  In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).  The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

## III.  DISCUSSION

### A.  Denial of Medical Care

#### 1.  Legal Principles

A refusal to provide medical care to a prisoner violates the Eighth Amendment's prohibition of "cruel and unusual punishment." U.S. Const. amend. VIII.  "Regardless of how evidenced," whether "manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).  "The Estelle standard requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-236 (3d Cir. 2004).  The Estelle standard is met when: (1) a doctor is "intentionally inflicting

pain on [a] prisoner," (2) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or (3) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care." Id. at 235. Further, if a prisoner is receiving medical treatment, a non-medical prison official must have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating)" the prisoner in order to be liable for deliberate indifference. Id. at 236.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

### 2. Plaintiff's Allegations

In the Complaint, Plaintiff makes the following allegations concerning this claim. On January 15, 2015, Plaintiff fell and injured his left knee. ECF No. 104 ¶ 11. That same day, he sent a request slip to Dr. Mollura, asking to be seen. Id.

On February 17, 2015, Plaintiff again wrote to Dr. Mollura, requesting examination of the left knee. Id. ¶ 12.

On March 10, 2015, Plaintiff saw Defendant Hammer, a physician assistant, and requested that Hammer examine the left knee and/or provide ice and a sleeve for the knee. Id. ¶ 13. Hammer refused. Id.

On April 22, 2015, Plaintiff was ordered by Correctional Officer Taylor, who had observed the knee injury, to go to medical. Id. ¶ 14. Plaintiff was sent back without being seen by medical. Id. On April 27, 2015, Plaintiff underwent a full physical with Dr. Aiken. Id. ¶ 15. Dr. Aiken found that Plaintiff's left knee seemed unstable. Id. Dr. Aiken gave Plaintiff an Ace wrap and ordered x-rays of the knee, which she stated would be taken in "a few days." Id.

On June 4, 2015, Plaintiff saw Defendant Hammer for another physical. Id. ¶ 16. Although Plaintiff informed Hammer of his knee pain and of Dr. Aiken's recommendations, Hammer refused to examine Plaintiff's knee, instead telling Plaintiff that he was "faking" and a "sissy." Id. On June 11, 2015, Plaintiff's left knee was x-rayed. Id. ¶ 17. On June 18, 2015, Plaintiff wrote to Defendant Hammer, seeking results of his x-rays. Id. ¶ 18. On June 24, 2015, Plaintiff's left knee buckled and he fell. Id. ¶ 19. On June 29, 2015, Officer Taylor again ordered Plaintiff to go to medical about his knee. Id. ¶ 20. At that time, Plaintiff filled out a sick call slip. Id.

On July 1, 2015, Plaintiff went to medical and saw Defendant Hammer. Id. ¶ 21. At that time Defendant Hammer gave Plaintiff three diagnoses: arthritis, a torn MCL and tendonitis. Id. On July 2, 2015, Plaintiff wrote a request slip to Defendant Wood, a Correctional Health Care Administrator, explaining his treatment by Hammer the day before. Id. ¶ 22. He received no response. Id. On July 13, 2015, Plaintiff saw Defendant Capozza, the prison superintendent, and "iterated what happened thus far with his knee." Id. ¶ 24. Capozza asked Plaintiff if he had spoken with Wood. Id. Plaintiff informed Capozza that he had written request slips and gotten no response. Id. Capozza told Plaintiff "he would speak with her." Id. Plaintiff requested assistance from Wood on three additional occasions: July 23, 2015, July 30, 2015, and August 2, 2015. Id. ¶¶ 25-27. He received no response. Id.

5

On September 10, 2015, Plaintiff went to medical to see Hammer, but was told that Hammer did not want to see him. Id. ¶ 28. On September 24, 2015, at Officer Taylor's request, Plaintiff was seen by Dr. Mollura, who examined Plaintiff's knee, ordered an MRI and anti-inflammatory medication. Id. ¶ 29. On September 29, 2015, x-rays were taken of Plaintiff's right knee, which was not bothering him. Id. ¶ 30.

On October 16, 2015, Plaintiff went to Allegheny General Hospital for an MRI of his left knee. Id. ¶ 32.

On November 6, 2015, Plaintiff returned to Allegheny General Hospital where Dr. Frank informed him that he had a torn meniscus in his left knee. Id. ¶ 35. Plaintiff signed anesthesia and surgery release forms at that time. Id. On November 17, 2015, Plaintiff was sent to medical for a physical for surgery, but was told upon arrival that he was not needed. Id. ¶ 36. That same date, Plaintiff's surgery was cancelled. Id.

### 3. Defendants' Arguments

The DOC Defendants seek dismissal of Plaintiff's claim regarding the ongoing denial of medical care on the bases that: (1) Plaintiff does not adequately allege the DOC Defendants' personal involvement in the alleged wrongdoing; and (2) Defendant Wood, a non-medical defendant, cannot be liable for denial of medical care because Plaintiff was being treated by medical staff. ECF No. 107 at 2-7. Defendants Hammer and CCS seek dismissal of Plaintiff's claim on the basis that it sounds more properly in negligence and medical malpractice. ECF No. 116 at 8-11.

### 4. Analysis

#### a. DOC Defendants: Personal Involvement

At this stage of the litigation, Plaintiff has specifically and sufficiently alleged the involvement, knowledge and/or acquiescence of Defendants Wood and Capozza.[1] Accordingly, the DOC Defendants' Motion to Dismiss for lack of personal involvement as to these Defendants is denied.

#### b. DOC Defendants: Non-Medical Defendant Wood

At this stage of the litigation, Plaintiff has specifically and sufficiently alleged that Defendant Wood had a reason to believe (or actual knowledge) that prison doctors or their assistants were mistreating (or not treating) Plaintiff via Plaintiff's notices to her. Accordingly, the DOC Defendants' Motion to Dismiss on this basis is denied.

#### c. Defendants Hammer and CCS

Despite the assertions of Defendants Hammer and CCS, Plaintiff's allegations are sufficient to state a claim for deliberate indifference of a serious medical condition. Plaintiff alleges that he injured his knee and sought medical treatment for that injury from Defendants Hammer and CCS multiple times and was met with refusal to provide required medical attention. Given the obviousness of the threat of injury or suffering, Plaintiff's allegations satisfy <u>Estelle</u>, and Defendants Hammer and CCS's Motion to Dismiss Plaintiff's claim for the denial and/or delay of medical care is denied.

### B. Access to Courts

To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a legal claim relating to either a direct or

---

[1] Plaintiff does not include Defendant Scire in this claim. ECF No. 104 at 13.

collateral challenge to his sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 352-54, 355 (2006).

In this case, the Complaint is devoid of any allegations concerning a legal claim that Plaintiff sought to bring before a court. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim to relief that is plausible on its face. This claim is dismissed. Based on this Court's review of the filings at this point, it appears that amendment of this claim would be futile.

### C. Retaliation

To state a prima facie claim of retaliation under the First Amendment, Plaintiff must allege that (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001).

Plaintiff's allegations concerning retaliation are vague, but they appear to relate solely to Defendants' alleged denial of access to the courts. Specifically, he alleges:

> **Retaliation;** the plaintiff had a constitutional right to be free to access the courts without reprisal, and the adverse action need not be unconstitutional all by itself in order to violate the rule against retaliation, includin[g] medical care or/and lack there of.

ECF No. 104 ¶ 58. As this Court has determined, Plaintiff has failed to state a viable claim that he was denied access to the courts. As to this claim, Plaintiff fails to allege any adverse action that he suffered at the hands of Defendants. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim to relief that is plausible on its face. This claim is dismissed. Based on this Court's review of the filings at this point, it appears that amendment of this claim would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss are granted in part and denied in part. An appropriate Order follows.

**ORDER**

AND NOW, this 4th day of May, 2016, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Capozza, Wood and Scire, ECF No. 106, is GRANTED as to Plaintiff's claims for denial of access to the courts and for retaliation and DENIED as to Plaintiff's claim for denial of medical care. Because Defendant Scire is not named as a defendant for the surviving claim of denial of medical care, IT IS FURTHER ORDERED that Defendant Scire is dismissed from the case.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants Hammer and CCS, ECF No. 115, is GRANTED as to Plaintiff's claims for denial of access to the courts and for retaliation and DENIED as to Plaintiff's claim for denial of medical care.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 4, 2016

cc: All counsel of record by Notice of Electronic Filing

ROBERT F. WOODS
FK2339
PO Box 99991
Pittsburgh, PA 15233